**UNITED STATES of America, et. al., Plaintiffs,**

v.

**CITY OF YOUNGSTOWN, Defendant.**

**No. 4:98 CV 2438.**

United States District Court, N.D. Ohio, Eastern Division.

June 28, 2000.

Steven J. Paffilas, Office of the U.S. Attorney, Cleveland, OH, Steven D. Ellis, Dept. of Justice, Environmental Enforcement Section, Washington, DC, Lois J. Schiffer, Dept. of Justice, Environment & Natural Resources Division, Environmental Defense Section, Washington, DC, Joseph G. Theis, Jodi Hirschfield, The U.S. Environmental Protection Agency, Office Of Enforcement, Washington, DC, Reginald Pallesen, The U.S. Environmental Protection Agency, Chicago, IL, Leslie E. Lehnert, Dept. of Justice, Environmental Enforcement Section, Washington, DC, for United States of America, plaintiff.

Margaret A. Malone, Office of the Attorney General, Columbus, OH, Teri J. Finfrock, Office of the Attorney General, Environmental Enforcement Section, Columbus, OH, for Ohio, State of, plaintiff.

William E. Coughlin, Thomas R. O'Donnell, Calfee, Halter & Griswold, Cleveland, OH, Iris Torres Guglucello, City of Youngstown, Department of Law, Youngstown, OH, Mark L. Belleville, Calfee, Halter & Griswold, Columbus, OH, for Youngstown, Ohio, City of, defendant.

## MEMORANDUM OPINION & ORDER

DOWD, District Judge.

This matter is before the Court on defendant City of Youngstown's Motion for Judgment on the Pleadings Against Plaintiff United States of America. (Doc. No. 36). The United States has responded (Doc. No. 38) and Youngstown has replied. (Doc. No. 40).

For reasons set forth below, Youngstown's Motion for Judgment on the Pleadings is DENIED. The Court will therefore proceed with ruling on plaintiffs' motions for summary judgment.

### I.

This is an action by the United States of America and the State of Ohio against the City of Youngstown, Ohio for violations of Sections 301 and 402 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311 and 1342, and conditions and limitations of the National Pollutant Discharge Elimination System ("NPDES") permits issued to Youngstown by the Ohio Environmental Protection Agency ("OEPA"). Youngstown's motion for judgment on the pleadings is based on the argument that because the Administrator of the United States Environmental Protection Agency ("USEPA") has granted authority to OEPA to administer the NPDES program in Ohio, and OEPA is pursuing an enforcement action against Youngstown, USEPA is precluded from pursuing its own enforcement action against Youngstown.

Youngstown places exclusive reliance on *Harmon Indus., Inc. v. Browner* 191 F.3d 894 (8th Cir.1999), in which the court ruled that under the Resource, Conservation and Recovery Act ("RCRA"), the USEPA is precluded from bringing an enforcement action where a "primacy state" (a state authorized by the USEPA to enforce an environmental regulatory scheme) is pursuing a separate enforcement action. Drawing a number of parallels between the enforcement provisions of RCRA and those of CWA, Youngstown argues that *Harmon* should apply to bar the USEPA's action against it.

There are two infirmities in Youngstown's argument. First, the Sixth Circuit

has already made it clear that USEPA's enforcement authority is not curtailed merely because USEPA grants enforcement authority to a state agency. In *Southern Ohio Coal Co. v. Office of Surface Mining* 20 F.3d 1418 (1994), the Sixth Circuit stated that "USEPA retains independent enforcement authority in primacy states." The Sixth Circuit based that decision on 33 U.S.C. § 1342(i), or § 402(i) of CWA, which is headed, "Federal Enforcement Not Limited" and reads in substance, "Nothing in this section shall be construed to limit the authority of the Administrator to take action pursuant to section 1319 of the title." *Id.* at 1428. Section 1319, or § 309 of the CWA, is the section that grants enforcement authority to the USEPA, and it is the section under which USEPA is suing in the present case. Hence, the fact that the State of Ohio is also suing Youngstown does not preclude a similar enforcement action by the United States. *See United States v. Sharon Steel Corp.* 1989 WL 190241 *4 (N.D.Ohio) (§ 402(i) "reserves [USEPA's] authority to enforce the CWA notwithstanding the existence of a state water pollution control agency with concomitant enforcement powers").

The second infirmity in Youngstown's argument is that *Harmon* is inapposite. The *Harmon* decision relies heavily on language in RCRA stating that an authorized state program operates "in lieu of" the federal program and that any action taken by the state in such a program has the "same force and effect as action taken by the [USEPA] . . . ." 191 F.3d at 897–98 quoting 42 U.S.C. § 6926(b) and (d). This statutory language led the *Harmon* court to conclude that "there is no support . . . for the proposition that the [USEPA] is allowed to duplicate a state's enforcement authority with its own enforcement action." *Id.* at 901. The language of CWA, on the other hand, compels the opposite conclusion. CWA has no "in lieu of" or "same force and effect" language. Instead, CWA states that "Federal Enforcement [is] Not Limited" and reads in substance, "Nothing in this section shall be

construed to limit the authority of the Administrator to take action pursuant to section 1319 of the title." 33 U.S.C. § 1342(i), or § 402(i) of CWA.

In its reply brief, Youngstown fails to address *Southern Ohio Coal Co.* and offers only the truism that "CWA § 402(i) does not stand as an independent grant of authority to the United States, but merely preserves the powers set forth in CWA § 309." That, however, seems to be precisely the proposition stated in *Southern Ohio Coal Co.* Also, Youngstown argues against the United States' implied assertion that § 309(e), which requires USEPA to join a state in the suit when USEPA sues a municipality, authorizes the USEPA to sue when a state is already doing so. But this argument is really another impertinent truism: the action against Youngstown was filed pursuant to USEPA's enforcement authority under § 309(b) and (d), not § 309(e). *See* United States' Complaint. In short, none of Youngstown's counter-arguments hold water.

## II.

For the reasons set forth above, defendant Youngstown's motion for judgment as a matter of law is DENIED.

IT IS SO ORDERED.